and humiliated by its own employés. It is difficult to estimate the damages sustained by one through humiliation, but it may be safely said that few business men, taking the facts into consideration, would say that $500 was adequate compensation for being struck in the face by an employé of the company, and otherwise insulted, threatened, and abused. The plaintiff's nose was made to bleed. He was upon the car in the presence of other passengers. He had to leave the car in the damaged condition in which defendant's servant left him, and we are of the opinion that the evidence amply sustains the judgment.

We have examined the errors alleged to have been made by the trial court in the trial of this action without being persuaded that there is anything justifying reversal of this judgment. The motion to strike out the testimony to the effect that the conductor imitated the voice of the plaintiff in addressing him was made upon the ground that it was immaterial, irrelevant, and incompetent, but upon the appeal counsel urges that the answer was not responsive to the question, and that it gave the conclusion of the witness. Where the objection is urged on specific grounds upon the trial, it is not for this court to consider other grounds upon appeal, and we are of opinion, assuming that the answer might properly have been stricken out on the grounds now urged, that the defendant waived these grounds by stating other grounds for the motion.

The judgment appealed from should be affirmed, with costs.

Judgment of the Municipal Court affirmed, with costs. All concur.

---

## PETZE v. CONEY ISLAND & B. R. CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. CARRIERS—REGULATION—CARRIAGE OF PASSENGERS—EXCESSIVE FARES—PENALTY.

A corporation, organized as a steam railroad under the general steam railroad act, operating as an electric street railway a road five or six miles long, and continuing to claim its right under the steam railroad act, instead of conforming to the law of street surface railroads, must conform to that act; and charging fares in excess of rates fixed by Railroad Law, Laws 1890, p. 1096, c. 565, § 37, renders it liable to the penalty imposed by section 39, provided the overcharge is not made through inadvertence or mistake.

2. SAME.

A railroad company, charging excessive fares pursuant to plan and intention, under legal advice, is subject to the penalty imposed by Railroad Law, Laws 1890, p. 1096, c. 565, § 39, for charging excessive fares, unless the overcharge was made through inadvertence or mistake.

Appeal from Municipal Court of New York.

Action by William R. Petze against the Coney Island & Brooklyn Railroad Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, HOOKER, RICH, MILLER, and GAYNOR, JJ.

John J. Kuhn (Owen N. Brown, on the brief), for appellant.
Fullerton Wells, for respondent.

GAYNOR, J.   The defendant was organized as a steam railroad under the general steam railroad act, but is now run after the manner of an electric street railway.   In place of charging a uniform fare of 5 cents, however, it charges 10 cents to go over its line, which can be justified only under its right to charge 3 cents a mile as not being a street surface railroad, as allowed by Railroad Law, Laws 1890, p. 1096, c. 565, § 37, subd. 5.   In that way it charged and collected of the plaintiff 10 cents for riding less than three miles on its road, which is five or six miles long; and the plaintiff has recovered judgment against it for $50.01, i. e., for the overcharge of 1 cent and a penalty of $50, as allowed by section 39 of the railroad law in the case of a railroad asking or receiving more than the lawful rate of fare, "unless such overcharge was made through inadvertence or mistake, not amounting to gross negligence."   The court below correctly found that there was no inadvertence or mistake.   The evidence shows plan and intention, rather, under legal advice.   If the defendant continues to claim its rights under the steam railroad law, rather than conform to the law of street surface railroads, it must conform to the former.

The judgment should be affirmed.

Judgment of Municipal Court affirmed, with costs.   All concur.